# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| SAHAR ZAVAREH, | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-02033-MMD-PAL |
| vs. | ) | **ORDER** |
| STATE OF NEVADA, et al., | ) | |
| Defendants. | ) | |

Before the court is the parties' Stipulated Discovery Plan and Scheduling Order which requests special scheduling review (Dkt. #17). The Complaint in this case was filed in state court and removed (Dkt. #1) December 27, 2012. Plaintiff's amended complaint alleges constitutional right violations and state law claims relating to the November 2010, denial of her application for graduation from the University of Nevada, Las Vegas ("UNLV"). The amended complaint names UNLV and numerous university employees as Defendants, all in their official capacities, and some in their individual capacities. The parties requested, and received, extensions of time for the Defendants to answer or otherwise respond to the complaint, and Defendants filed their initial response on January 8, 2013, by filing a Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b) (Dkt. #14). The motion to dismiss argues that Plaintiff's Section 1983 official capacity claims against UNLV and the individual Defendants are barred under the Eleventh Amendment, and because they are not persons for purposes of Section 1983. The motion to dismiss also argues that the individual capacity claims against the University Defendants must be dismissed because they are entitled to qualified immunity from civil liability for performing discretionary acts which do not violate clearly established statutory or constitutional rights. The motion to dismiss has now been fully briefed and is under submission to the district judge.

The parties conducted a Rule 26(f) conference on February 7, 2013, and submitted this proposed discovery plan and scheduling order which requests special scheduling review.  Special scheduling review is requested because the parties seek 180 days to conduct discovery measured from the date the Defendants file an answer, rather than the date of the Defendants' first responsive pleading–the motion to dismiss.  Counsel point out that because the motion to dismiss raises issues of sovereign, discretionary, and qualified immunity, and the Defendants are entitled to immediately appeal an adverse ruling, calculating discovery from the date of the answer will prevent "purposeless effort."  The parties have agreed to exchange their Rule 26(a) disclosures no later than March 11, 2013.

Having reviewed and considered the parties' proposed stipulation, and having conducted a preliminary review of the motion to dismiss, the court finds that discovery in this case should be stayed until after decision of the motion.  However, rather than approve the parties' proposed plan which contains no dates, the court will require the parties to submit a proposed discovery plan and scheduling order within 30 days of decision of the pending motion to dismiss.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. A stay of discovery is entered pending a decision on the Motion to Dismiss (Dkt. #14).
2. The parties shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a) no later than **Monday, March 11, 2013**.
3. The parties shall have 30 days from decision of the motion to dismiss in which to meet and confer, 45 days from decision of the motion to dismiss to submit a proposed discovery plan and scheduling order which complies with LR 26-1(e).

Dated this 19th day of February, 2013.

Peggy A. Leen
United States Magistrate Judge